UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IAN DUFFY,<br><br>                        Plaintiff,<br><br>- against -<br><br>ALLIANCE FIELD SOLUTIONS, INC., SALVATORE REALMUTO, SR., JOHN BIANCANIELLO,<br><br>                        Defendants. | **COMPLAINT**<br><br>Case No.: |

Plaintiff, **IAN DUFFY** ("Plaintiff") by and through his attorneys, **ZABELL & COLLOTTA, P.C.**, complains and alleges as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking monetary damages, declaratory relief, and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq.; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiff alleges pursuant to the FLSA and NYLL, that he is entitled to recovery from Defendants: (1) overtime compensation for all hours worked in excess of forty (40) hours per week; (2); interest on all compensation Defendants withheld; (3) an award of $5,000.00; the maximum penalty for violations of NYLL § 195 for Defendants' violation of the Wage Theft

1

Prevention Act; (4) an award of $5,000.00; the maximum penalty for violations of NYLL § 195 for Defendants' failure to furnish wage statements/pay stubs (5) liquidated damages; and (6) attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

4. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the events occurred in Nassau County and because the Parties are residents of Nassau County.

6. This Court is empowered to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

7. Plaintiff, **IAN DUFFY** (*hereinafter* "Plaintiff"), was at all times relevant herein, a domiciliary of the State of New York, residing in Suffolk County, New York.

8. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

2

9. Upon information and belief, Defendant, **SALVATORE REALMUTO, SR.**, was at all times relevant herein, a domiciliary of the State of New York.

10. Upon information and belief, Defendant, **JOHN BIANCANIELLO**, was at all times relevant herein, a domiciliary of the State of New York.

11. Upon information and belief, Defendant **ALLIANCE FIELD SOLUTIONS, INC.**, is a domestic business corporation operating at 220 Smith St., Massapequa Park, NY 11762.

12. Upon information and belief, Defendant **SALVATORE REALMUTO, SR.** (1) has the power to hire and fire employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) maintains employment records for all employees of Defendant **ALLIANCE FIELD SOLUTIONS, INC.**

13. Upon information and belief, Defendant **JOHN BIANCANIELLO** (1) has the power to hire and fire employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) maintains employment records for all employees of Defendant **ALLIANCE FIELD SOLUTIONS, INC.**

14. At all times relevant to the Complaint, each Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

15. Upon information and belief, at all times relevant herein, the Corporate Defendants were each an "enterprise" and performed activities for a business

3

purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to their operation of an electrical contracting company.

16. Upon information and belief, at all times relevant herein, Defendant **ALLIANCE FIELD SOLUTIONS, INC.** employed more than two (2) employees and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of an electrical contracting company.

17. Upon information and belief, at all times relevant to the Complaint, each Defendant employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in connection with their operation of an electrical contracting company.

18. Upon information and belief, at all times relevant to the Complaint, each Defendant employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with their operation of an electrical contracting company.

19. Defendants are collectively "joint employers" within the meaning of the Fair Labor Standards Act and 29 C.F.R. § 791.2.

### IV.   COLLECTIVE ACTION ALLEGATIONS

20. This action is properly maintainable as a collective action pursuant to 29

U.S.C. § 216(b).

21. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees all of whom work or have worked for Defendants.

22. At all relevant times, Plaintiff and other FLSA collective action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

23. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, all of whom have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interests as well as his own interests in bringing this action.

24. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of their respective consent forms.

25. Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one-half (1.5)

times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

26. The Collective Action Members are similarly situated to Plaintiff in that they were each employed by Defendants as non-exempt employees and were systematically denied overtime premium pay for hours worked beyond forty (40) in each workweek.

The exact number of such individuals in presently unknown but is known by Defendants and can (and will) be ascertained in the course of discovery.

## V.   FACTS

27. Plaintiff repeats and realleges each and every allegation contained herein.

28. Plaintiff was hired by Defendants in or around October 2018 as a field technician.

29. Plaintiff was employed as a field technician until he resigned from employment in or around June or July of 2019.

30. Plaintiff was hired as an hourly employee.

31. At all times relevant herein, Plaintiff received compensation at a rate of $15.00 per hour.

32. At all times relevant herein, Plaintiff was required to work Monday through Friday. Plaintiff's workday began at 5:30 a.m. Plaintiff was required to work until he completed all of his daily assignments.

33. Accordingly, the number of hours worked by Plaintiff varied based upon his daily assignments.

34. Upon information and belief, Plaintiff regularly worked fifty-five (55) hours each week.

35. Despite regularly working more than forty (40) hours each week of his employment, he was not provided overtime premiums at a rate of one and one-half (1.5) times his regular rate of pay for hours worked in excess of forty (40) hours in a given workweek.

36. Instead, Plaintiff was paid $15.00 per hour for all hours worked.

37. At all times relevant herein, Plaintiff performed the essential functions of his various positions in a more than satisfactory manner and satisfied all conditions precedent to payment.

38. During Plaintiff's tenure, Defendants also failed to provide him with written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

39. Furthermore, Defendants failed to provide Plaintiff with a written wage statement, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

40. Plaintiff repeats and realleges each and every allegation contained herein.

41. Defendants are each an "employer", within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

7

42. Plaintiff is an "employee" within the meaning contemplated, under 29 U.S.C. § 203(e).

43. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

44. Plaintiff worked in excess of forty (40) hours per week, every week of his employment.

45. However, Plaintiff did not receive overtime compensation at the rate of one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

46. Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

47. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

48. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
(Failure to Pay Overtime – New York Labor Law Violation)

49. Plaintiff repeats and re-alleges each and every allegation contained herein.

50. Defendants are each an "employer", within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

51. Plaintiff is an "employee" within the meaning contemplated, pursuant to 12 NYCRR §142-2.14 and the supporting NYDOL Regs.

52. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

53. Plaintiff worked in excess of forty (40) hours per week, every week of his employment.

54. However, Plaintiff did not receive overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

55. Consequently, by failing to pay to overtime compensation, Defendants violated 12 NYCRR § 142-2.2.

56. By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.2 and are liable to Plaintiff, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF
(New York Wage Theft Prevention Act Violation)

57. Plaintiff repeats and realleges each and every allegation contained herein.

58. The New York Wage Theft Prevention Act requires employers, upon hire, to

9

"notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

59. Defendants did not provide Plaintiff with a wage notice as required by NYLL § 195.

60. Consequently, Plaintiff, did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

61. For the foregoing reasons, Defendants violated NYLL § 195 and are subject to the maximum penalty for violations NYLL § 195.

### FOURTH CLAIM FOR RELIEF
### (Failure to Provide Wage Statements – New York Labor Law Violation)

62. Plaintiff repeats and realleges each and every allegation contained herein.

63. Defendants failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by

10

the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

64. Due to Defendants' violations of N.Y. Lab. Law § 195, for each work day that Defendants failed to provide a proper wage statement, Plaintiff is entitled to damages of $250, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## V. DEMAND FOR JURY TRIAL

65. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of Defendants herein alleged, Plaintiff respectfully requests this Court grant the following relief:

a) On the First and Second Claims for Relief, an award of Plaintiff's actual damages in an amount to be determined at trial plus interest;

b) On the Third and Fourth Claims for Relief, an award up to the maximum penalty for violations NYLL § 195;

c) Order Defendants pay Plaintiff a reasonable sum for expenses pursuant to the NYLL §§ 198 and 12 NYCRR §142-2.2;

d) Declare Defendants violated the FLSA and NYLL;

e) Enjoin Defendants from further acts in violation of the FLSA and NYLL;

f) An award of liquidated damages where allowed by statute;

g) Defendants be ordered to pay Plaintiff pre and post judgment interest;

h) Defendants to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees; and

i) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
February 18, 2020

ZABELL & COLLOTTA, P.C.
*Attorneys for Plaintiff*

By: /s/ Saul D. Zabell

Saul D. Zabell
Ryan M. Eden, Esq.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
szabell@laborlawsny.com
reden@laborlawsny.com