

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

**Ryan M. Eden**
Email: REden@laborlawsny.com

June 4, 2020

<u>*VIA* ELECTRONIC CASE FILING</u>

The Honorable Arlene R. Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re: <u>Duffy v. Alliance Field Solutions, Inc., et al.
       Case No.: 20-CV-00866 (DRH) (ARL)</u>

Your Honor:

  This firm is counsel to Ian Duffy, Plaintiff in the above-referenced FLSA matter. We write jointly with Counsel for Defendants, Feather Law Firm, P.C., respectfully seeking judicial approval of the proposed settlement resolving Plaintiff's claims brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Accordingly, we respectfully refer the Court to the enclosed Settlement Agreement, and exhibits thereto, attached to this correspondence.

**Procedural Posture**

  Plaintiff commenced this action alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law, § 190, et seq. ("NYLL") on June 5, 2019. Defendants filed their Answer on or about April 18, 2020. The Parties proceeded with initial document disclosure, and the Defendants also provided Plaintiff's legal counsel with Plaintiff's time and payroll records. This matter was ultimately resolved without the need for mediation.

**Plaintiff's Allegations and Issues in Dispute**

  Defendant Alliance Field Solutions, Inc. ("Defendant AFS") is a electrical, audio/visual and networking industries contractor. Defendant Salvatore Realmuto

owns and operates Defendant AFS.[1] Plaintiff worked for Defendants from in or around October 2018 through June 2019 as a field technician. At all times relevant herein, Plaintiff performed non-exempt duties, including, but not limited to, the repair and maintenance of electronic equipment owned by Defendant ASF's customers and clients. Plaintiff maintains he was compensated at his regular hourly rate of pay – $15.00 per hour – for all hours worked. Plaintiff alleges he regularly worked no less than fifty-five (55) hours each week. Plaintiff maintains he received a check for all hours worked at his regular hourly rate. However, Plaintiff's paystubs indicate that he was paid a salary, despite the fluctuation from week to week, and did not contain the number of hours worked.

Plaintiff also assert claims for statutory penalties based on Defendants' violations of New York Labor Law Sections 195(1) and 195(3). Plaintiff maintains he was not provided a notice of his wages at the time of his hire in accordance with Section 195(1) of the New York Labor Law. Additionally, Plaintiff alleges he was not provided with proper wage statements with each payment of wages. Specifically, Plaintiff was not provided a statement of wages that contained the total number of hours worked, as his paystubs only included forty (40) hours per week.

**Defendants' Defenses**

The Defendants admit that while the Plaintiff was paid for all of the hours he worked over forty (40) in a workweek, only some of these hours were paid at a rate of one-and-a-half times the Plaintiff's regular rate of pay. In addition, the Defendants failed to pay Plaintiff spread-of-hours pay in 2018, when he was paid at minimum wage.

The Defendants kept contemporaneous records of the hours worked by the Plaintiff, which was based on a punch-in/punch-out system. In addition, the Plaintiff was always paid via payroll check.

Based on the hours that the Plaintiff worked, the Defendants calculate that he is owed the sum of $3,987.64 in both overtime and spread-of-hours pay.

**The Settlement Amount**

The parties have agreed to resolve Plaintiff's claims for the total amount of Nineteen Thousand Five Hundred Dollars and Zero Cents ($29,500.00) inclusive of attorneys' fees and costs. Under the terms of the agreement, Plaintiff Cando would receive Thirteen Thousand Dollars and Zero Cents ($13,000.00) representing unpaid wages, liquidated damages, and civil penalties under New York Labor Law Section 198 for violations of New York Labor Law Sections 195(1) and 195(3). Further,

---

[1] Another individual, John Biancaniello, who is an employee with Defendant AFS, was also named as a Defendant herein. The Parties filed a stipulation dismissing him as a Defendant herein contemporaneously with the filing of this Joint Motion for Settlement Approval.

Plaintiff's counsel would receive Six Thousand Five Hundred Dollars and Zero Cents ($6,500.00) as attorneys' fees and costs, one-third (33.3%) of the total settlement.

### The Proposed Settlement Amount is Fair and Reasonable

In order for the parties' proposed Fed. R. Civ. P. 41(a)(1)(A)(ii) stipulation of dismissal to take effect, the Court must scrutinize and approve the Settlement Agreement. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015). The Court should approve the Settlement so long as it "reflects a 'reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (*quoting Lynn's Foods Stores, Inc., v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

According to *Beckert v. Rubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015), "in determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiffs' range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."

In this matter, Defendants provided Plaintiff with time and payroll records demonstrating Plaintiff's weekly payroll. The payroll records demonstrate the weeks and hours worked by Plaintiff. Plaintiff believes that the time records are largely accurate and that the payroll documents are accurate. Defendants maintain that these records are an accurate reflection of both the Plaintiff's hours and his weekly wages.

Assuming Plaintiff's allegations are accurate, we calculated Plaintiff is owed approximately $5,480.63 in unpaid overtime wages from October 2018 through June 2019. Under the current agreement, Plaintiff would receive $13,000.00, more than double the amount of his alleged unpaid overtime wages. Considering the above factors, we respectfully submit the proposed settlement is a favorable result, and, as such, it should be approved as a fair settlement. *See, Meigel v. Flowers of the World NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9, 2012) ("Typically, courts regard the adversarial nature of a FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve settlement."). Despite the

potential risks of litigation, under this Settlement Agreement, Plaintiff would receive more than his unpaid overtime compensation, as calculated by counsel. Furthermore, this resolution provides for an expediated recovery on behalf of our client.

**Other Settlement Terms**

The terms of the Settlement Agreement are in accordance with the decision in *Cheeks v. Freeport Pancake House, Inc.*, No. 14-299 (2d Cir. 2015). The proposed terms allow for the Settlement Agreement to be publicly filed for the purpose of judicial review for fairness. The Settlement Agreement does not contain any confidentiality or non-disparagement provisions allowing Plaintiff to make truthful statements relating to his recovery, Defendants' pay practices as well as his experience litigating this action in accordance with *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015). Further, under the agreement, Plaintiff is waiving only his wage-related claims under the FLSA and NYLL arising in this case. Finally, this agreement was reached as a result of arm's-length negotiations between experienced counsel.

**Attorneys' Fees are Fair and Reasonable**

This office expended significant time drafting pleadings, drafting and preparing discovery requests, and participating in numerous negotiations all of which were necessary to secure a successful settlement for Plaintiff. In particular, Plaintiff's counsel spent significant time conferencing with Plaintiff concerning the specific nature of his claims. In total, Plaintiff's counsel (and staff) expended a total of 17.6 hours litigating this case. Additionally, Plaintiff's counsel has incurred filing fees and service costs all of which are included in the one-third allocation for attorneys' fees and costs.

Moreover, the retainer agreement between Plaintiff and this office provides for one-third (1/3) of the settlement amount to be received by Plaintiff's counsel. Attorneys' fees in an amount of one-third (1/3) of the settlement amount is ordinary in the Second Circuit. *Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG) (MDG), 2015 WL 3540719, at *2 (E.D.N.Y. June 3, 2015) *citing* 29 U.S.C. § 216(b); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13–CV–3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept.19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery). Accordingly, for the purposes of facilitating settlement, the parties agreed to resolve Plaintiff's back wages claims and attorneys' fees separately, in an amount equal to (1/3) of the overall settlement. Pursuant to the Settlement Agreement, Plaintiff's counsel will receive Six Thousand Five Hundred Dollars and Zero Cents ($6,500.00) as attorneys' fees and costs – no more than one-third (33.3%). Plaintiff's counsel believes that the fee agreed upon in the terms of the Settlement Agreement is fair and reasonable.

    We are pleased the parties could work collaboratively in resolving this matter without the need to burden the Court. Counsel for both Parties remain available should Your Honor require additional information in connection with this submission.

Respectfully submitted,

ZABELL & COLLOTTA, P.C.

Ryan M. Eden

Encl.

cc:    Client
       All Counsel (*Via* Electronic Case Filing)